Filed 2/5/14  P. v. Starr CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARLO STARR,<br><br>    Defendant and Appellant. | B248666<br><br>(Los Angeles County<br>Super. Ct. No. BA210934) |

APPEAL from an order of the Superior Court of Los Angeles County.  Steven R. Vansicklen, Judge.  Appeal dismissed; writ petition denied.

Darlo Starr, in pro. per.; and Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2001, a jury convicted defendant Darlo Starr of one count of burglary and one count of attempted burglary. (Pen. Code, §§ 459, 664/459). Defendant waived his right to a jury trial on his priors, and the trial court found that defendant had committed four prior strikes, and had served six prison terms. (Pen. Code, §§ 667, subd. (a), 667.5, subd. (b).) Defendant's *Romero*[1] motion was denied, and defendant was sentenced to a term of 70 years to life in prison, consisting of two consecutive terms of 25 years to life for the burglary and attempted burglary, plus 20 years for the prison term enhancements.

Defendant appealed, contending the jury's verdict was tainted by exposure to inadmissible evidence, and the trial court erred when it denied his *Romero* motion. This court found no merit in defendant's claims, and affirmed his judgment of conviction. (*People v. Starr* (Apr. 15, 2002, B150667) [nonpub. opn.].)

On September 12, 2011, defendant filed a habeas petition in this court, contending his sentence was cruel and unusual, and that he was entitled to release under Penal Code section 1170, subdivisions (d) and (e).[2] In our order denying his petition, we noted that defendant failed to make the required showing that he first sought relief in the Superior Court, or that the Board of Parole Hearings had declined to recommend his release. (*In re Darlo Starr* (Sept. 29, 2011, B235798).)

On March 12, 2013, defendant filed a "Petition for a Writ of Error Coram Vobis" in the trial court. The petition argued that defendant's sentence was illegal under *Apprendi v. New Jersey* (2000) 530 U.S. 466 and *Blakely v. Washington* (2004) 542 U.S. 296, because he did not receive a jury trial of his prior offenses. Defendant also requested appointment of counsel.

The trial court denied the petition, finding that it lacked jurisdiction to consider it. The trial court also found, if it were to treat the petition as one for habeas corpus, that the

---

[1]   *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[2]   We take judicial notice of our own records. (Evid. Code, § 452.)

petition would be denied because defendant waived his right to a jury trial on his priors. The trial court also denied defendant's request for appointment of counsel.

Defendant appeals from that order. We appointed counsel to represent him on appeal, and appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. On December 17, 2013, we sent defendant a letter indicating that "[a]n order denying a petition for writ of error coram nobis is not appealable absent a showing that the petition stated a prima facie case for relief; if not, the reviewing court may summarily dismiss the appeal." We asked defendant to make a showing that his appeal was from an appealable order. On January 9, 2014, defendant filed a supplemental brief contending his petition was "correctly directed . . . to the First . . . Court of conviction," and that this court has jurisdiction to consider his appeal under "Cal.App.Rule VI § 10 and § 11 and California Penal Code § 1094." His brief also argued the same claims made in his petition, and added claims of ineffective assistance of trial and appellate counsel.

Where a judgment has been affirmed on appeal, a petition for writ of error *coram nobis* must be filed in the court that affirmed the judgment. (Pen. Code, § 1265, subd. (a).) Because we affirmed defendant's conviction, the trial court lacked jurisdiction over defendant's petition *coram nobis*, and its order denying it was not appealable. (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208, citing Pen. Code, § 1237, subd. (b).)

An appeal from the trial court's order denying an improperly filed petition *coram nobis* may be treated by this court as an original petition for a writ of error *coram vobis*. (*People v. Brady* (1973) 30 Cal.App.3d 81, 83 [appeal from trial court's order on *coram nobis* petition properly treated as *coram vobis* petition].) Petitions *coram nobis* and *coram vobis* are identical, except that they are addressed to different courts. (*Ibid*.) We treat defendant's appeal as a petition *coram vobis*.

The writ of error *coram nobis* or *vobis* may issue only if the petitioner establishes that no other remedy is available to consider newly discovered evidence that was not

3

presented to the trial court (due to no fault of the petitioner), and that this evidence does not go to the merits of issues tried, could not have been discovered earlier, and will either compel or make probable a different result. (See *People v. Kim* (2009) 45 Cal.4th 1078, 1093; *In re Rachel M.* (2003) 113 Cal.App.4th 1289, 1296.) A *coram nobis* or *coram vobis* petition may raise only errors of fact, not errors of law, and may not raise a claim of ineffective assistance of counsel. (*People v. Kim*, at pp. 1093, 1104.)

Defendant's claims are legal, not factual, and they could have been raised in his appeal, or in his earlier habeas petition. Because defendant had other remedies and his claims are not based upon newly discovered facts, his claims are not a proper basis for a petition for writ of error *coram vobis*. (*People v. Kim*, *supra,* 45 Cal.4th at p. 1093.)

Moreover, we decline to construe defendant's petition or his supplemental appellate brief as a petition for writ of habeas corpus. "[A]bsent strong justification, issues that could be raised on appeal must initially be so presented, and not on habeas corpus in the first instance." (*In re Harris* (1993) 5 Cal.4th 813, 829.) Defendant could have challenged the legality of his sentence on appeal, but did not do so. Moreover, defendant has not made a prima facie showing that his trial or appellate counsel provided ineffective assistance, or explained his failure to address any deficiencies in his trial counsel's performance in his earlier writ petition. (*People v. Duvall* (1995) 9 Cal.4th 464, 474-475; see *In re Reno* (2012) 55 Cal.4th 428, 460-461.)

We have examined the entire record and are satisfied that defendant's counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

### DISPOSITION

The appeal is dismissed; the writ petition is denied.


GRIMES, J.

We concur:

RUBIN, Acting P. J.          FLIER, J.


4